## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**BRUCE R. CROSSMAN and**
**KATHERINE CROSSMAN,**

       **Plaintiffs,**

**v.**                                 **Case No: 6:21-cv-1378-WWB-EJK**

**USAA CASUALTY INSURANCE**
**COMPANY,**

       **Defendant.**

### ORDER

This cause comes before the Court on Defendant's Motion to Stay Discovery (the "Motion"), filed November 12, 2021. (Doc. 15.) Plaintiffs oppose this request. (Doc. 16.) Upon consideration, the Motion is due to be granted.

As an initial matter, the undersigned notes that, although entitled a "Motion to Stay Discovery," the instant Motion is more accurately construed as a motion for a protective order. Defendant does not argue for the stay of discovery entirely, but rather, that discovery not be "directed toward its general business practices" until there has been a finding that Defendant acted in bad faith in the handling of this particular matter. (Doc. 15 at 2.) In their response, Plaintiffs do not substantively address Defendant's request that general business practice discovery be stayed other than to state the Court should deny the Motion. (*See* Doc. 16.)

Upon review of the case law Defendant cites in support of its request, the undersigned finds *Carithers v. Mid-Continent Casualty Company* and *Royal Marco Point I Condo. Ass'n, Inc. v. QBE Ins. Co.* instructive. In *Carithers*, the Court allowed discovery to proceed while Plaintiffs amended their complaint, but limited discovery to the underlying claims only. *Carithers v. Mid-Continent Casualty Co.*, No. 3:16-cv-988-J-32MCR, Doc. 44 (M.D. Fla. Aug. 9, 2017). Similarly, in *Royal Marco*, the Court noted that "the manner in which the Defendant may or may not have handled other claims is not relevant to this case because each claim is a factual matter that must be handled in case by case method." *Royal Marco Point I Condo. Ass'n, Inc. v. QBE Ins. Co.*, No. 2:07-cv-16, Doc. 159 (M.D. Fla. Mar. 27, 2009).

Thus, in the absence of any substantive opposition or articulation by Plaintiffs as to why general business practice discovery would be relevant, it is hereby **ORDERED** that Defendant's Motion to Stay Discovery (Doc. 15), construed as a motion for a protective order, is **GRANTED**. Plaintiffs may seek discovery pertinent to their own claims only.

**DONE** and **ORDERED** in Orlando, Florida on December 23, 2021.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE